IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| RAYMOND and MARY A. FERGUSON, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 1:09CV739 |
| THOMAS M. INGOLDSBY, | ) |
| Defendant. | ) |

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Thomas M. Ingoldsby, by counsel, files this Memorandum in Opposition to the Motion for Judgment on the Pleadings filed by Plaintiffs Raymond and Mary A. Ferguson.

### INTRODUCTION

Plaintiffs here attempt to collect on a stale debt clearly barred by the statute of limitations. Plaintiffs seek to side-step Virginia's five year statute of limitations by claiming certain emails written by Defendant revived Plaintiffs' claim. But the cryptic writings in question are insufficient to constitute an unconditional "acknowledgment in writing, from which a promise of payment may be implied" pursuant to Virginia Code §8.01-229(G).

### ARGUMENT

Under Virginia law, a claim on a written contract must be brought within five years of default thereunder. Virginia Code §8.01-246(2).[1] Here, Plaintiffs claim Defendant defaulted under the terms of the Note in January 2001. This action was filed on July 2, 2009 – well after expiration of the applicable statute of limitations – and is therefore time-barred.

---

[1] Plaintiffs assert a six year statute of limitations applies in this case. While we disagree, whether the statute of limitations is five or six years, Plaintiffs' claims are time barred.

### A.    Plaintiffs Reliance on Virginia Code §8.01-229(G) Is Misplaced

Plaintiffs seek to employ Virginia Code §8.01-229(G) to avoid the consequences of waiting too long to seek the intervention of the courts. The statute acts to repel the bar of the statute of limitations under limited circumstances not present here. Virginia Code §8.01-229(G)(1) provides:

> "If any person against whom a right of action has accrued on any contract, other than a judgment or recognizance, promises, by writing signed by him or his agent, payment of money on such contract, the person to whom the right has accrued may maintain an action for the money so promised, within such number of years after such promise as it might be maintained if such promise were the original cause of action. An acknowledgment in writing, from which a promise of payment may be implied, shall be deemed to be such promise within the meaning of this subsection."

Stated differently, the two sentences in the statute require one of two writings, either (1) an express written promise to pay money on the original contract, or (2) a written acknowledgment implying a promise of payment. Because they can point to no express written promise to pay money on the Note, Plaintiffs rely on the second sentence of Virginia Code §8.01-229(G)(1). See Plaintiffs' Memorandum at p. 6.

In order to qualify as an acknowledgement of an implied new promise to pay, the Virginia Supreme Court recently held that the writing in question "must not consist of equivocal, vague and indeterminate expressions; but ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable for and willing to pay." Restaurant Co. v. United Leasing Corp. 271 Va. 529, 539, 628 S.E.2d 520, 528 (2006) quoting Nesbit v. Galleher, 174 Va. 143, 148, 5 S.E.2d 501, 503 (1939). "The writing must be a clear and definite acknowledgement of a precise sum, importing a willingness and liability to pay." Id. quoting Preston County Coke Co. v. Preston County Light & Power Co., 146 W.Va. 231, 247, 119

2

S.E.2d 420, 430 (1961). The court in <u>Preston County</u> noted that to remove a debt from the bar of the statute of limitations

> "there must be an express promise to pay or, if there be a mere acknowledgement, it must be unqualified, without condition, importing liability and willingness to pay *without reference to a future settlement*, and it must be determinate and unequivocal so as to be tantamount to an express promise to pay."

<u>Id.</u> at 246-7, 119 S.E.2d at 430 (emphasis supplied).

Plaintiffs assert Ingoldsby's emails of February 21, 2006 and May 5, 2008 constitute "unqualified and direct admission[s] of a previous, subsisting debt which the party is liable for and willing to pay." <u>Nesbit</u>, 174 Va. at 148, 5 S.E.2d at 503. This is wrong. In the email of February 21, 2006, Defendant writes, "Thanks for your email. You *will hear* from me in early January." [Emphasis supplied.] In the email of May 5, 2008, Defendant writes, "Give me a time on Tuesday and we *will get* a firm repayment plan in place." [Emphasis supplied.] Both of these statements are at best mere references to a possible future settlement and are insufficient to avoid the bar of the statute of limitations. Indeed the verbs in each of the two critical sentences are the future tense.

The Virginia Supreme Court noted in <u>Nesbit</u> that an unaccepted offer to compromise a claim barred by the statute of limitations does not constitute a sufficient acknowledgment to remove the bar. <u>Id.</u> at 150, 5 S.E.2d at 504 <u>quoting</u> Williston on Contracts. The writings here are at best nothing more than equivocal responses to requests of Plaintiffs for Defendant to enter into negotiations for repayment of an unquantified debt.

Plaintiffs make much of the Virginia Supreme Court's holdings in <u>Ford v. Sweet,</u> 224 Va. 374, 297 S.E.2d 657 (1982) and <u>Nesbit</u> <u>supra</u>. Those cases are readily distinguishable from the case at bar. In <u>Ford</u>, the debtor noted that he could pay "$50.00 a month on this account" and that "this is the very best promise I can make." The debtor made his writing directly on a letter

3

from the creditor's attorney threatening collection of the debt detailed in the letter. The court found the notation on the letter acknowledging the debts in question gave rise to an implied promise to pay. Ford 224 Va. at 376, 297 S.E.2d at 658. In Nesbit, the Court held that the language communicated by the defendant in a letter "meant that the writer was unable to pay the $1,000 in cash at that time but was willing to credit the $500 note in part payment thereof," and consequently the language was not an offer of compromise but merely an assertion of a cross-claim sufficient to acknowledge and thus revive the debt owed. Nesbit, 174 Va. at 150, 297 S.E.2d at 503-4.

Ingoldsby's writings pale in comparison and constitute, at best, offers to compromise. Unlike Ford or Nesbit, Ingoldsby's emails do not offer specific payment terms like "$50 a month" or "$1,000 in cash" or offer to "take on a note" and propose a "willingness to credit $500." Instead, Ingoldsby's emails merely invite Plaintiffs to "give him a call on Tuesday" and offer to "be in touch in January." These expressions evince the type "offer to compromise" condemned as insufficient by the Virginia Supreme Court.

### B. Plaintiffs May Not Rely On Alleged Oral Statements To Bolster Their Claim Of A Written Implied Promise To Pay Debt Under Virginia Code §8.01-229(G)

In considering this motion for judgment on the pleadings, this Court should not necessarily accept as true all of the factual inferences asserted by Plaintiffs. Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999). Plaintiffs urge this Court to consider certain oral statements allegedly made by Defendant. See e.g. Plaintiffs Memorandum at p. 10. It is clear, however, that an acknowledgement of an implied promise to pay a debt under Virginia Code §8.01-229(G) must be *in writing*. To get around this inconvenient requirement, Plaintiffs point out that the court in Nesbit considered the "circumstances under which [the acknowledgement] was written." Nesbit, 174 Va. at 149, 5 S.E.2d at 503. But the circumstances considered by the court in Nesbit

were all *in writing*. This Court cannot extend the statute of limitations based upon alleged oral statements of Defendant. Under Virginia Code §8.01-229(G), only a written promise will do.

## CONCLUSION

For the foregoing reasons, Defendant Thomas M. Ingoldsby asks this Court deny Plaintiffs' Motion for Judgment on the Pleadings.

Dated: August 24, 2009

                                                        THOMAS M. INGOLDSBY
                                                        By Counsel

_____/s/_____
Douglas R. Kay
Virginia Bar No. 35468
*Counsel for Defendant*
BRIGLIA HUNDLEY NUTTALL & KAY, P.C.
1921 Gallows Road, Suite 750
Vienna, Virginia 22182
Telephone:   (703) 883-0880
Facsimile:   (703) 883-0899
dkay@bhnklaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

Peter J. Kahn, Esquire
John M. McNichols (VSB#66663)
*Counsel for Plaintiffs*
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005
(202) 434-5000 (T)
(202) 434-5029 (F)
pkahn@wc.com
jmcnichols@wc.com


                                                                   /s/
Douglas R. Kay
Virginia Bar No. 35468
*Counsel for Defendant*
BRIGLIA HUNDLEY NUTTALL & KAY, P.C.
1921 Gallows Road Suite 750
Vienna, Virginia 22182
Phone: (703) 883-0880
Fax: (703) 883-9104
dkay@bhnklaw.com