IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| RAYMOND and MARY A. FERGUSON,<br><br>       Plaintiffs,<br><br>       v.<br><br>THOMAS M. INGOLDSBY,<br><br>       Defendant. | Case No. 1:09cv739–JCC-TCB |

### REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs Raymond and Mary A. Ferguson, by and through their undersigned counsel, respectfully submit this Reply Brief in Support of their Motion for Judgment on the Pleadings pursuant to Rule 12(c), Fed. R. Civ. P.

### INTRODUCTION

Ingoldsby's Opposition, admirable for its brevity, is more noteworthy for the arguments it does not make than those it does.  Ingoldsby does not dispute, for example, that he has breached his obligations to Plaintiffs, that Virginia law controls, or that Virginia Code § 8.01-229 can re-start the limitations period and thereby defeat his one and only defense in this case.  Nor does he dispute that the applicability of § 8.01-229 and the issue of limitations may be determined now, without discovery, at the pleading stage.  Indeed, to judge from the Opposition, all of these points are conceded.

Instead, Ingoldsby has chosen to contest this Motion on a single ground, namely that his emails of May 5, 2006 and February 21, 2008 do not come within § 8.01-229 because they were "mere references to a possible future settlement," or "at best, offers to compromise."  Opp. 3-4.

Tellingly, Ingoldsby is unable to point to any mention of "compromise" or "settlement" in the parties' correspondence, and his efforts to distinguish this case from the controlling cases cited in Plaintiffs' opening Memorandum are completely unavailing, consisting of nothing more than a discussion of verb tense and his own *ipse dixit* characterizations. *Id.* Because this cannot rebut well-settled Virginia authority holding statements far less definitive than Ingoldsby's—*e.g.*, "*we will get a firm repayment plan in place*"—to be implied promises of repayment that re-start the limitations period, Plaintiffs' Motion for Judgment on the Pleadings should be granted.

## ARGUMENT

**I.      INGOLDSBY'S EMAILS CONSISTUTE IMPLIED PROMISES THAT RESTART THE RUNNING OF LIMITATIONS UNDER VIRGINIA CODE § 8.01-229**

In his Opposition, Ingoldsby relies heavily on *Restaurant Co. v. United Leasing Co.*, 271 Va. 529, 539 (2006), which he cites for the proposition that under § 8.01-229, a writing "ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable for and willing to pay." Opp. 2. But *Restaurant Co.* is too factually distinct from this case to offer any guidance regarding the application of § 8.01-229 here. In that case, which dealt primarily with bankruptcy law, the purported "new promise" was the defendant's assumption of an unexpired lease in a Chapter 11 bankruptcy plan, which the Supreme Court of Virginia held insufficient. *Restaurant Co.*, 271 Va. at 539. The case did not involve—as this one does—a written communication directly from a debtor to a creditor in response to a request for payment.

Accordingly, far more instructive of the applicability of § 8.01-229 to the facts at hand are the controlling cases cited in Plaintiffs' opening Memorandum, *Ford v. Sweet*, 224 Va. 374 (1982) and *Nesbit v. Galleher*, 174 Va. 143 (1939). As here, each case involved a writing made by the debtor-defendant to the creditor-plaintiff as part of an exchange of correspondence regarding the debt in issue. Directly contrary to Ingoldsby's claim that a writing "must be a clear

and definite acknowledgement of a precise sum," [1] in neither case did the defendant's letter expressly state how much was owed or that the defendant considered himself liable. Indeed, the cases show that Virginia law sets a very low threshold for a writing to be recognized as an implied promise of repayment under § 8.01-229, as the specific writings in issue were:

> I will be able to start paying a minimum of $50.00 a month on this account … . I will increase the payment as I am able. I am right down to nothing right now. … [T]his is the very best promise I can make & keep right now.

And:

> I couldn't find the amount of your fee in ready money, as my credit in the bank is taxed and I cannot anticipate my income, I can assume your note at this bank in payment of yours and my obligation.

*Ford*, 224 Va. 376; *Nesbit*, 174 Va. at 146. It is clear from the foregoing that, as the Supreme Court of Virginia has observed, a writing that re-starts the statute of limitations "need not be in any particular form or contain any particular substance; *it is sufficient if the debt is acknowledged as an existing one, and a liability or willingness to pay is <u>inferable</u> therefrom*." *Nesbit*, 174 Va. at 149 (emphasis added).

Ingoldsby's attempt to distinguish *Ford* and *Nesbit* from this case fails utterly. He contends that his emails of May 5, 2006 and February 21, 2008—which state, respectively, "*You will hear from me in early January*," and "*[W]e will get a firm repayment plan in place*"—are somehow more equivocal and non-committal than the letters in those cases, citing the fact that they use "the future tense" and "do not offer specific payment terms." Opp. 3-4. On those bases, he argues that his emails should be construed as "offers to compromise" rather than implied promises under § 8.01-229. *Id.* 4. This argument has no support in law or fact.

---

[1] Opp. 2. The case that Ingoldsby cites for this proposition, *Preston County Coke Co. v. Preston County Light & Power Co.*, 147 W.Va. 231, 247, 119 S.E.2d 420, 430 (1961), is not a Virginia case and does not apply § 8.01-229, and thus is wholly uninformative.

On the law, even taking Ingoldsby's characterization at face value, it is not the case that an "offer" cannot be an implied promise of repayment under § 8.01-229. Indeed, the Supreme Court of Virginia has observed that the defendants' letters in both *Ford* and *Nesbit* could be accurately described as "offer[s]," *Ford*, 224 Va. 379, yet in each case the letter was held sufficient to re-start the limitations period. Contrary to Ingoldsby's suggestion, the critical question in both *Ford* and *Nesbit* was *not* whether the writing was an "offer," but rather whether it "*challenged the validity or amount of the debts now sued upon*," which Ingoldsby's emails indisputably fail to do. *Id.* at 380 (emphasis added); *accord Nesbit*, 174 Va. at 149 ("[The letter] contains no denial of the correctness of the amount or the fact that it is due."). Thus, even if it were the case that Ingoldsby's emails expressly offered to settle or compromise the debt—and they do not—that fact would still avail him nothing under prevailing law.

On the facts, Ingoldsby's arguments fare no better. First, it cannot be the case that a defendant's use of the future tense necessarily means that § 8.01-229 is inapplicable. Were it otherwise, the decision in *Ford*—in which the defendant wrote, "I *will* be able to *start* paying," and "I *will* increase the payment as I am able," *Ford*, 224 Va. 376—would have come out the other way. This only makes sense, as one is hard-pressed to think of a "promise" that does not somehow relate to the future. Second, the fact that Ingoldsby's emails "do not offer specific payment terms" in no way bolsters his claim that § 8.01-229 should not apply; indeed, it fatally undercuts his point that the emails should be construed as "offers" rather than acknowledgements of debt. In all events, his argument runs afoul of the above-cited rule that a writing "need not be in any particular form or contain any particular substance" to re-start the limitations period. *Nesbit*, 174 Va. at 149.

## II.  INGOLDSBY'S ORAL ASSURANCES OF REPAYMENT PROVIDE RELEVANT CONTEXT FOR HIS EMAILS

To strengthen his argument that § 8.01-229 should not apply, Ingoldsby also contends that in deciding this Motion the Court should not consider his oral assurances to Plaintiff Buck Ferguson that he would repay the debt.  Without disputing that context is relevant under *Nesbit*, 174 Va. at 149, Ingoldsby appears to argue that because only a written acknowledgement of a debt can re-start the limitations clock under § 8.01-229, the only context that is relevant to the question at hand is the parties' written correspondence.  Opp. 4-5.  Because Ingoldsby's email statements easily meet the *Ford* and *Nesbit* standard even if the writings in this case are viewed in isolation, this Motion does not turn on whether his oral assurances of repayment are taken into account.  Nevertheless, there is no merit to Ingoldsby's argument that they should not be.

As a preliminary matter, Ingoldsby contends that the Court should not necessarily accept Plaintiffs' claims about his oral assurances as true, and he refers to those assurances as "certain oral statements *allegedly* made by Defendant."  Opp. 4 (emphasis added).  But Plaintiffs' claims about Ingoldsby's oral statements are not mere allegations, as Ingoldsby *has expressly admitted to providing the oral assurances in issue*.  *See*, *e.g.*, Answer ¶¶ 12, 21, 26.  Indeed, as stated in Plaintiffs' opening Memorandum, every factual assertion made by Plaintiffs in this Motion is taken either from the parties' pleadings—with all disputes construed in Ingoldsby's favor—or attached exhibits whose authenticity Ingoldsby does not dispute.  Pls.' opening Mem. 1.  Thus, whatever the Court's view of the legal merits of this Motion, the factual assertions in Plaintiffs' opening Memorandum are not controverted, and Ingoldsby is wrong to suggest otherwise.

As to the substance of Ingoldsby's argument, while it is true that the "circumstances" in issue in *Nesbit* were other writings, the case in no way states that oral statements may not be considered, and there is considerable Virginia authority suggesting that they may.  For example,

in *Bickers v. Pinnell*, 199 Va. 444, 450 (1957), a case decided under the statutory precursor to § 8.01-229, the Supreme Court of Virginia expressly considered the debtor's oral acknowledgements of his debt to the plaintiff—his daughter—along with his letter attesting to the same.  Before holding that the letter sufficed to overcome the bar of limitations, the Supreme Court in *Bickers* observed:

> That he was an honest and honorable man, and that his daughter should be paid the money she was entitled to[,] appear *from his oft reported declarations of his obligation to her*.  … [I]t affirmatively and positively appears *from the declarations of Bickers to his daughter, to her husband, to Holland* [the executor], from the notations on the interest checks, and from the statements in his letter … that Bickers was indebted to his daughter in the sum of $4,500.  … *Corroboration of the indebtedness to her is substantial and ample*.

*Id.* (emphases added).  In light of this precedent, Ingoldsby's apparent contention that his oral assurances of repayment cannot provide relevant context for his written ones—a proposition for which he cites no authority—is meritless.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in Plaintiffs' opening Memorandum, Plaintiffs' Motion for Judgment on the Pleadings should be granted, and judgment in Plaintiffs' favor should be entered.

    Respectfully submitted,

    RAYMOND and MARY A. FERGUSON

    By Counsel

    _____/s/_____
    Peter J. Kahn
    John M. McNichols (VSB No. 66663)
    *Attorneys for Raymond and Mary A. Ferguson*
    WILLIAMS & CONNOLLY LLP

                725 12th Street, N.W.  
                Washington, D.C.  20005  
                (202) 434-5000 (T)  
                (202) 434-5029 (F)  
                pkahn@wc.com  
                jmcnichols@wc.com

Date:  August 27, 2009

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of August 2009, I will electronically file the foregoing Reply Brief in Support of Plaintiffs' Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Douglas R. Kay
>BRIGLIA HUNDLEY NUTTALL & KAY, P.C.
>1921 Gallows Road, Suite 750
>Vienna, VA 22182
>Telephone:    (703) 883-0880
>Facsimile:    (703) 883-9104
>dkay@bhnklaw.com


>_____/s/_____
>John M. McNichols
>Virginia Bar No. 66663
>Attorney for Raymond and Mary A. Ferguson
>Williams & Connolly LLP
>725 12th Street NW
>Washington DC 20005
>Phone: 202-434-5000
>Fax:    202-434-5029
>jmcnichols@wc.com