IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| RAYMOND and MARY A. FERGUSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Case No.: 1:09CV739 |
| ) | |
| THOMAS M. INGOLDSBY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Thomas M. Ingoldsby, by counsel, files this Memorandum in Support of his Motion for Judgment on the Pleadings.[1]

### INTRODUCTION

In this lawsuit, Plaintiffs Raymond and Mary A. Ferguson attempt to collect on a stale debt clearly barred by the statute of limitations. Plaintiffs seek to side-step Virginia's five year statute of limitations by claiming certain emails written by Defendant revived Plaintiffs' claim. But the cryptic writings in question are insufficient to constitute an unconditional "acknowledgment in writing, from which a promise of payment may be implied" pursuant to Virginia Code §8.01-229(G).

### STATEMENT OF UNDISPUTED FACTS

1. In February 1999, Defendant borrowed $100,000 from Plaintiffs. The debt was evidenced by a promissory note dated February 22, 1999 (the "Note"). Ex. A[2]; Compl. ¶¶ 7-11.

---

[1] With the exception of a Statement of Undisputed Facts and parts C and D to the Argument below, this Memorandum is identical to that in Defendant's Memorandum in Opposition to Plaintiffs' Motion for Judgment on the Pleadings previously submitted.

2. The Note was due on or before January 15, 2001. Ex. A; Compl. ¶11.

3. On May 5, 2006, Defendant replied to an email of Plaintiffs as follows: "Thanks for your email. You will hear from me in early January." Ex. D; Compl. ¶ 22.

4. On February 26, 2008, Defendant replied to an email of Plaintiffs as follows: "We cannot have a repayment plan if we do not talk. Give me a time on Tuesday and we will get a firm repayment plan in place." Ex. F; Compl. ¶ 26.

5. Plaintiffs filed the instant lawsuit on July 2, 2009.

## ARGUMENT[3]

Under Virginia law, a claim on a written contract must be brought within five years of a default thereunder. Virginia Code §8.01-246(2).[4] Here, Plaintiffs claim Defendant defaulted under the terms of the Note in January 2001. This action was filed on July 2, 2009 – well after expiration of the applicable statute of limitations – and is therefore time-barred.

A. **Plaintiffs Reliance on Virginia Code §8.01-229(G) Is Misplaced**

Plaintiffs seek to employ Virginia Code §8.01-229(G) to avoid the consequences of waiting too long to seek the intervention of the courts. The statute acts to repel the bar of the statute of limitations under limited circumstances not present here. Virginia Code §8.01-229(G)(1) provides

> "If any person against whom a right of action has accrued on any contract, other than a judgment or recognizance, promises, by writing signed by him or his agent, payment of money on such contract, the person to whom the right has accrued may maintain an action for the money so promised, within such number of years after such promise as it might be maintained if such promise were the original cause of action. An acknowledgment in writing, from which a promise of payment may be implied, shall be deemed to be such promise within the meaning of this subsection."

---

[2] The Exhibits referenced herein are attached to the Verified Complaint.
[3] For the sake of brevity, Defendant agrees with Plaintiffs' recitation of the standard of review cited in its Memorandum in Support of Motion for Judgment on the Pleadings.
[4] Plaintiffs assert a six year statute of limitations applies in this case. While we disagree, whether the statute of limitations is five or six years, Plaintiffs' claims are time barred.

2

Stated differently, the two sentences in the statute require one of two writings, either (1) an express written promise to pay money on the original contract or (2) a written acknowledgment implying a promise of payment. Because they can point to no express written promise to pay money on the Note, Plaintiffs rely on the second sentence of Virginia Code §8.01-229(G)(1).

In order to qualify as an acknowledgement of an implied new promise to pay, the Virginia Supreme Court recently held that the writing in question "must not consist of equivocal, vague and indeterminate expressions; but ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable for and willing to pay." Restaurant Co. v. United Leasing Corp. 271 Va. 529, 539, 628 S.E.2d 520, 528 (2006) quoting Nesbit v. Galleher, 174 Va. 143, 148, 5 S.E.2d 501, 503 (1939). "The writing must be a clear and definite acknowledgement of a precise sum, importing a willingness and liability to pay." Id. quoting Preston County Coke Co. v. Preston County Light & Power Co., 146 W.Va. 231, 247, 119 S.E.2d 420, 430 (1961). The court in Preston County notes that to remove the debt from the bar of the statute of limitations

> "there must be an express promise to pay or, if there be a mere acknowledgement, it must be unqualified, without condition, importing liability and willingness to pay *without reference to a future settlement*, and it must be determinate and unequivocal so as to be tantamount to an express promise to pay."

Id. at 246-7, 119 S.E.2d at 430 (emphasis supplied).

Plaintiffs assert Ingoldsby's emails of February 21, 2006 and May 5, 2008 constitute "unqualified and direct admission[s] of a previous, subsisting debt which the party is liable for and willing to pay." Nesbit, 174 Va. at 148, 5 S.E.2d at 503. This is wrong. In the email of February 21, 2006, Defendant writes, "Thanks for your email. You *will hear* from me in early January." In the email of May 5, 2008, Defendant writes, "Give me a time on Tuesday and we

*will get* a firm repayment plan in place." Both of these statements are at best mere references to a future settlement and are insufficient to avoid the bar of the statute of limitations. Indeed the verbs in each of the two critical sentences are the future tense.

The Virginia Supreme Court noted in Nesbit that an unaccepted offer to compromise a claim barred by the statute of limitations does not constitute a sufficient acknowledgment to remove the bar. Id. at 150, 5 S.E.2d at 504 quoting Williston on Contracts. The writings here are at best nothing more that equivocal responses to requests of Plaintiffs for Defendant to enter into negotiations for repayment of an unquantified debt.

Plaintiffs make much of the Virginia Supreme Court's holdings in Ford v. Sweet, 224 Va. 374, 297 S.E.2d 657 (1982) and Nesbit supra. Those cases are readily distinguishable from the case at bar. In Ford, the debtor noted that he could pay "$50.00 a month on this account" and that "this is the very best promise I can make." The debtor noted this promise directly on a letter from the creditor's attorney threatening collection of the creditor's loans detailed in the letter. This court found the notation on the letter stating the debts in question gave rise to an implied promise to pay. Ford 224 Va. at 376, 297 S.E.2d at 658. In Nesbit, the Court held that the language communicated by the defendant in a letter "meant that the writer was unable to pay the $1,000 in cash at that time but was willing to credit the $500 note in part payment thereof," and consequently the language was not an offer of compromise but merely an assertion of a cross-claim sufficient to acknowledge and thus revive the debt owed. Nesbit, 174 Va. at 150, 297 S.E.2d at 503-4.

Ingoldsby's writings pale in comparison and constitute, at best, offers to compromise. Unlike Ford or Nesbit, Ingoldsby's emails do not offer specific payment terms like "$50 a month" or "$1,000 in cash" or offer to "take on a note" and propose a "willingness to credit

4

$500." Instead, Ingoldsby's emails merely invite Plaintiffs to "give me a call on Tuesday" and offer to "be in touch in January." These expressions evince an "offer to compromise" condemned as insufficient by the Virginia Supreme Court.

### B. Plaintiffs May Not Rely On Alleged Oral Statements To Bolster Their Claim Of An Implied Promise To Pay Debt Under Virginia Code §8.01-229(G)

In considering this motion for judgment on the pleadings, this Court should not necessarily accept as true all of the factual inferences asserted by Plaintiffs. Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999). Plaintiffs urge this Court to consider certain oral statements allegedly made by Defendant. See e.g. Plaintiffs Memorandum at p. 10. It is clear, however, that an acknowledgement of an implied promise to pay a debt under Virginia Code §8.01-229(G) must be *in writing*. To get around this inconvenient requirement, Plaintiffs point out that the court in Nesbit considered the "circumstances under which [the acknowledgement] was written." Nesbit, 174 Va. at 149, 5 S.E.2d at 503. But the circumstances considered by the court in Nesbit were all *in writing*. This Court cannot extend the statute of limitations based upon alleged oral statements of Defendant. Under Virginia Code §8.01-229(G), only a written promise will do.

### C. Plaintiffs Reliance on Bickers v. Pinnell Is Misplaced

In their Reply Memorandum, Plaintiffs cite Bickers v. Pinnell, 199 Va. 444, 100 S.E. 20 (1957) as authority for this Court's considering oral testimony to circumvent the Virginia Code §8.01-229(G)'s requirement that the implied promise to pay must be in writing. Plaintiffs' reliance on Bickers is misplaced. Bickers involved a dispute over a debt between a decedent's daughter and his widow. The daughter claimed decedent owed her about $4,500, but she was unable to produce the promissory note evidencing the debt. Shortly prior to his death, the decedent signed a letter addressed to the trust officer of his bank explaining that he had paid

5

interest on the note but not the principal. The trial court found that this letter satisfied the requirements of Virginia Code §8.01-229(G) and found in favor of the daughter.

The widow appealed and the Supreme Court of Virginia assigned three grounds of error only the second and third of which are relevant here. In the second assignment of error, the widow contended the evidence was insufficient to justify the trial court's conclusion that the decedent was indebted to his daughter. It was in *this* context that the Virginia Supreme Court referenced the decedent's "oft reported declarations of his obligation to [his daughter]" and concluded that "[c]orroboration of the indebtedness to [his daughter] is substantial and ample." Id. at 450, 100 S.E.2d at 25. But the court's holding (which Plaintiffs made much of their reply brief) applies to an unrelated assignment of error.

It was in the third assignment of error that the Virginia Supreme Court considered whether the letter constituted an acknowledgment of a debt within the meaning of the Virginia Code §8.01-229(G). In considering this distinct issue, the court mentioned only the writings when it concluded that the evidence supported the finding of an acknowledgement sufficient to repel the statute of limitations.

The circumstances here are more akin to those found in Air France v. Owens, 689 F. Supp. 663 (N.D. Texas 1987) aff'd 845 F.2d 544 (5th Cir. 1988). In that case, it was undisputed that the debtor, among other things, met the creditor and (1) agreed to a payment arrangement and (2) acknowledged certain amounts were due. The plaintiff claimed that at these meetings oral promises were made that repelled the statute of limitations. The law in Texas is similar Virginia Code §8.01-229(G) in that it requires a writing signed by the debtor in order to extend the statute of limitations. The court refused to utilize the oral communications between the parties to overcome the statute of limitations. Because the writings in question were insufficient

to constitute an acknowledgment of the debt, the district court dismissed the claim as time-barred.

Here, a similar result is required. Only a *written* acknowledgment of a debt will extend the statute of limitations under Virginia law. Defendant's oral representations have no bearing on the legal obligations to be assessed by this Court. Defendant's emails are insufficient to resuscitate Plaintiffs' untimely filing of this lawsuit.

### D. If The Court Utilizes Defendant's Oral Statements To Bolster Plaintiff' Claim Of An Implied Promise To Pay Debt Under Virginia Code §8.01-229(G), Judgment On The Pleadings Is Inappropriate

Plaintiffs rely on telephone conversations with Defendant in order to explain the meaning of critical email communications between the parties. As explained above, only a written promise can reset the statute of limitations under Virginia Code §8.01-229(G). However, before this Court utilizes the oral conversations as urged by Plaintiffs, this case must proceed to trial so that this Court can assess the actual intention of Defendant – an issue of fact.

In Cadle v. Berkeley Plaza Assoc., 215 F.3d 1317, 2000 WL 632471 (4th Cir. 2000)(Unpublished) the Fourth Circuit Court of Appeals in a per curiam opinion upheld the trial court's determination that the plaintiff's claims were time-barred under Virginia law. In Cadle, the defendant's attorney sent the plaintiff a letter that each party claimed resolved the matter in its favor pursuant to Virginia Code §8.01-229(G). The plaintiff claimed the letter acknowledged only part of the debt; the defendant claimed the letter acknowledged the entire debt. In addition to considering the letter in question, the trial court heard testimony from its author who explained his intention in writing the letter. The Fourth Circuit Court of Appeals explained that "[i]f there is more than one permissible inference as to intent to be drawn from the language employed, the question of the parties' intention is a triable issue of fact. Id.

Here, we contend the writings at issue are insufficient to repel the statute of limitations pursuant to Virginia Code §8.01-229(G). Assuming this Court is inclined to consider the parties' oral communications in connection with this statute of limitations issue, we submit that discovery followed by an evidentiary hearing will be necessary to resolve issues of fact. The summary of the parties discussions outlined in the Complaint are lacking in detail and do not reveal the intention of the parties. Questions of fact remain about Defendant's intentions in sending the emails and in discussing the debt with Plaintiffs. Therefore, judgment on the pleadings is inappropriate.

## CONCLUSION

For the foregoing reasons, Defendant Thomas M. Ingoldsby asks this Court grant his Motion for Judgment on the Pleadings and deny Plaintiffs' Motion for Judgment on the Pleadings.

Dated: September 2, 2009

THOMAS M. INGOLDSBY
By Counsel

_____/s/_____
Douglas R. Kay
Virginia Bar No. 35468
*Counsel for Defendant*
BRIGLIA HUNDLEY NUTTALL & KAY, P.C.
1921 Gallows Road, Suite 750
Vienna, Virginia 22182
Telephone:    (703) 883-0880
Facsimile:    (703) 883-0899
dkay@bhnklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

Peter J. Kahn, Esquire
John M. McNichols (VSB#66663)
*Counsel for Plaintiffs*
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005
(202) 434-5000 (T)
(202) 434-5029 (F)
pkahn@wc.com
jmcnichols@wc.com

                                                   /s/
                                     Douglas R. Kay
                                     Virginia Bar No. 35468
                                     *Counsel for Defendant*
                                     BRIGLIA HUNDLEY NUTTALL & KAY, P.C.
                                     1921 Gallows Road Suite 750
                                     Vienna, Virginia 22182
                                     Phone: (703) 883-0880
                                     Fax: (703) 883-9104
                                     dkay@bhnklaw.com