IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Raymond Ferguson, et al.      )
                              )
     Plaintiffs,              )
                              )
          v.                  )
                              )    1:09cv739 (JCC)
Thomas Ingoldsby,             )
                              )
     Defendant.               )

Amended Memorandum Opinion

Before the Court are Cross-Motions for Judgment on the
Pleadings arising out of the alleged breach of a $100,000
promissory note (the "Note") executed between the parties in
February of 1999.  Defendant asserts that the Complaint is
untimely under the Virginia statute of limitations.  The
Complaint asserts two breach of contract counts each under
different theories of recovery.  Count I alleges that the Note
is enforceable as Plaintiffs, Mr. and Mrs. Ferguson
("Plaintiffs" or "Fergusons") repeatedly granted the Defendant,
Thomas Ingoldsby, (the "Defendant" or "Ingoldsby"), extensions
on the Note relying on Defendant's alleged statements regarding
his intention to pay.  Count II is premised on Virginia Code §
8.01-229(G), which "re-sets" the statute of limitations when
there is a written acknowledgement of the debt and an implied

1

promise to pay.  Both parties' initial Motions for Judgment only
address Count II.  In Plaintiffs' Opposition to Defendant's
Motion for Judgment, however, they contend that Count I must
proceed to trial based on Defendant's oral assurances of payment
and Plaintiffs' oral agreements to extend the Note.  The Court
addresses the Counts in the order they were raised in the
motions.  In granting Plaintiffs' Motion for Judgment on the
Pleadings on Count II, the Court does not reach the merits of
Plaintiffs' arguments on Count I.

## I.  Background

In February 1999, Defendant called Plaintiff Mr.
Ferguson and asked him for a loan of $25,000 to help him meet a
debt of $100,000.  Mr. Ferguson agreed to loan Defendant the
entire $100,000.[1]  On February 22, 1999 the Note was executed
giving Defendant $100,000 loan and requiring the repayment of
the principal and six percent interest to come due on January
15, 2001, and providing for the recovery of any "expenses" and
"attorney's fees."

Both parties admit that the Fergusons have extended
the Note beyond its due date several times since the execution
of the Note.  Over the course of the next several years,

---

[1] While not strictly relevant to the Court's inquiry, it is helpful to
understanding the circumstances of this case to know that the litigants were
close friends of twenty years.

Defendant made a series of oral assurances that he would pay the Note that went unfulfilled.  On February 21, 2006, Plaintiff Mr. Ferguson emailed Defendant regarding the Note.  On April 25, 2006, Mr. Ferguson again sent Defendant an email stating "while we do not need it paid immediately, we do need to know your plan to repay it and make the repayment plan work for both you and us."  The parties spoke by telephone on May 3, 2006 and Defendant assured Plaintiff Mr. Ferguson he would repay the loan and that he was expecting a year-end bonus for 2006 that would enable repayment.

The next day, the parties had one of two key written exchanges at issue here.  Plaintiff Mr. Ferguson emailed Defendant to confirm the plan, writing: "The plan for the loan sounds reasonable to us.  We look forward to re-visiting this in mid-January 2007." (Compl. Ex. D.)  On May 5, 2006, Defendant responded: "Thanks for your email.  You will hear from me in early January." (Id.)  In February 2008, the parties had the second written exchange at issue.  After another year with no payment, Mr. Ferguson emailed Defendant stating: "It is now time to take this loan seriously and make arrangement to re-pay us, with interest, immediately." (Compl. Ex. E.)  Defendant responded the next day, on February 22, 2008 and after a brief exchange, wrote: "We cannot have a repayment plan if we do not

3

talk.  Give me a time on Tuesday and *we will get a firm
repayment plan in place*." (Compl. Ex. F.)(emphasis added).

A series of written communications and telephone
conversations followed this exchange; however, the material
details of these exchanges are largely in dispute and are not at
issue here.  It is acknowledged by both parties that Defendant
"has made no payments on the Note."

On July 2, 2009, Plaintiffs filed a Complaint alleging
breach of contract based on Defendant's failure to honor the
Note.  On August 13, 2009, Plaintiffs filed Motion for Judgment
on the Pleadings with Defendant filing his Opposition on August
24, and Plaintiffs' Reply following on August 27.  On September
2, 2009, Defendant filed his own Motion for Judgment on the
Pleadings, with an Opposition, Reply, and "Response" filed on
September 14, 26, and October 5, respectively.  These Cross-
Motions for Judgment on the Pleadings are now before the Court
and the Court will address the motions in the order they were
filed.[2]

---

[2] Plaintiffs contend that Defendant's motion is not a cross-motion, but rather
a sur-reply in response to Plaintiff's original motion for judgment on the
pleadings.  The Court does not address this contention, nor need it, as the
issue before the Court is the same: Does the Va. Code § 8.01-229(G)(1)
exception to the statute of limitations apply?  In taking up the Plaintiff's
Motion first, the Court concerns itself only with undisputed facts and views
these facts in the light most favorable to the Defendant.

## II.  Standard of Review

To ensure that each litigant receives a full and fair hearing, courts will not grant a Rule 12(c) motion "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *O'Ryan v. Dehler Mfrg. Co., Inc.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000)("Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law.")(citing *Zeran v. America Online, Inc.*, 129 F.3d 327, 329 (4th Cir. 1997)).  In reviewing a Rule 12(c) motion, the "court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368.  A motion for judgment on the pleadings may be made "after the pleadings are closed but early enough not to delay trial." Fed. R. Civ. P. 12(c).  The standard of review for a Rule 12(c) motion is the same as the standard for a motion to dismiss under Rule 12(b)(6).  *See Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). In deciding a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted to be true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570). A claim has "factual plausibility when the plaintiff pleads factual content that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis

The applicability of Virginia breach of contract law and the statute of limitations governing contracts requiring the payment of money are squarely before the Court.  In Virginia, a breach of contract has occurred when there was (1) a legally enforceable obligation of defendant to plaintiff, (2) defendant's violation or breach of the obligation, and (3) an injury or harm to the plaintiff caused by defendant's breach. *Ulloa v. QSP, Inc.,* 271 Va. 72, 79 (Va. 2006).  Here, Defendant acknowledges the Note bestowed a legally enforceable obligation upon him, and that he has failed to make payment on the Note. It is not disputed that Plaintiffs have suffered damages of at least $100,000, resulting from lack of repayment – constituting a breach.  Defendant argues, instead, that he has no present legal obligation to pay because Plaintiffs' suit for breach of contract is barred by the Virginia statute of limitations.[3]

---

[3] The parties dispute whether the applicable statute of limitations here is five or six years.  Formerly, notes were subject to the five-year statute of limitations applicable to contracts generally (as argued by Defendant). See Va. Code § 8.01-246(2).  Virginia Code section 8.3A now provides for a six-year statute of limitations on most forms of negotiable instruments. *See Union Recovery Ltd. P'ship v. Horton,* 252 Va. 418, 421 (Va. 1996)(citing Va. Code § 8.3A-118). The distinction is not relevant to the Court's inquiry in this case as the Plaintiffs' claims would be time-barred in 2009 under either scheme unless the Note was extended by the Plaintiffs (as alleged in Count I) or by some writing by the Defendant acknowledging the debt under Va. Code § 8.01-229 (as argued in Count II).

A. <u>Choice of Law</u>

Virginia law governs both the substantive and procedural issues in this Complaint.  In Virginia, a federal court sitting in diversity applies the choice-of-law rules of the forum state.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-497 (1941).  Under Virginia law, questions regarding the statute of limitations are "deemed to be procedural and as such are controlled by the law of the forum." *Barry v. Donnelly,* 781 F.2d 1040, 1042 (4th Cir. 1986).  This Court will apply Virginia statute of limitations law.

B. <u>Count II</u>

Count II is based on the statutory extension of the statute of limitations for breach of contract based on a renewed promise to pay.  In pertinent part, Virginia Code § 8.01-229 states:

> If any person against whom a right of action has accrued on any contract . . . promises, by writing signed by him or his agent, payment of money on such contract, the person to whom the right has accrued may maintain an action for the money so promised, within such number of years after such promise as might be maintained if such promise were the original cause of action.  An acknowledgement in writing from which a *promise of payment may be implied shall be deemed to be such promise within the meaning of this subsection.*

Va. Code § 8.01-229(G)(1) (emphasis added).  The Virginia Supreme Court has held that the "acknowledgment" need not "be in any particular form or contain any particular substance; it is

8

sufficient if the debt is acknowledged as an existing one, and a liability or willingness to pay it is inferable therefrom." *Nesbit v. Galleher*, 174 Va. 143, 149 (Va. 1939). The acknowledgement also "must not consist of equivocal, vague, and indeterminate expressions; but ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable for and willing to pay." *Restaurant Co. v. United Leasing Corp.*, 271 Va. 529, 529 (Va. 2006) (*quoting Nesbit* 174 Va. at 148).

Plaintiffs assert that there are two writings that constitute "acknowledgements" sufficient to restart the Statute of Limitations pursuant to Virginia Code § 8.01-229. The first writing is from the May 4-5, 2006 email exchange. After a phone call regarding a repayment plan, Mr. Ferguson emailed Defendant to confirm the plan in writing. He stated in the May 24, 2006 email: "The plan for the loan sounds reasonable to us. We look forward to re-visiting this in mid-January 2007." On May 5, 2006, Defendant responded: "Thanks for your email. You will hear from me in early January." (Compl. Ex. D.) The second writing is from the parties' February 2008 e-mail exchange. On February 20, 2008, Mr. Ferguson wrote: "It is now time to take this loan seriously and make arrangements to re-pay us, with interest, immediately." (Compl. Ex. E.) Defendant responded

the next day, and after a brief exchange, wrote: "We cannot have a repayment plan if we do not talk. Give me a time on Tuesday and we will get a firm repayment plan in place." (Compl. Ex. F.) Plaintiffs contend both of these exchanges are "acknowledgements" of the debt and that "liability or willingness to pay is inferable therefrom." Defendant argues that these are both "equivocal" statements and are "at best mere references to possible future settlement."

The Virginia Supreme Court has ruled on the sufficiency of an "acknowledgement" in several similarly situated cases. In *Ford v. Sweet* cited by both parties, the debtor-defendant wrote to the creditor-plaintiff:

> I will be able to start paying a minimum of $50.00 a month on this account starting my first pay day after May 15, 1979. I will increase the payment as I am able. I am right down to nothing right now. . . . This is the very best promise I can make & keep right now.

224 Va. 374, 376 (Va. 1982). The Virginia Supreme Court held this writing was a sufficient acknowledgment under the statute, as it was "an unqualified, unconditional, implied acknowledgement of the entire indebtedness." *Id.* In making its determination the *Ford* court also found it significant that the defendant "never challenged the validity or amount of the debts now sued upon" and that "this failure to question the debts under consideration further supports the conclusion that the

debts were impliedly acknowledged." *Id.; see Nesbit* 174 Va. at

149. Defendant argues that the *Ford* case is distinguishable

because defendant was responding to a direct request by

plaintiff to pay the entire debt and that the response expressly

laid out a plan of repayment. The Court finds this argument

unavailing.

Both the May 2006 and February 2008 statements by

Defendant do not dispute the existence or amount of the debt and

evidence intent to repay. Particularly, Defendant's assurance

"we will get a firm repayment plan in place" constitutes an

acknowledgment of the debt and evidences Defendant's willingness

to pay.

Similarly, in *Nesbit*, the Virginia Supreme Court held

that debtor-defendant's statement that "I couldn't find the

amount of your fee in ready money, as my credit in the bank is

taxed and I cannot anticipate my income, I can assume your note

at this bank in payment of yours and my obligation" was an

"unqualified acknowledgment" of debt rather than "an offer to

settle." *Nesbit* 174 Va. at 146-149. Defendant again argues

that this case is distinguishable as the letter in *Nesbit* was a

direct promise to pay not a future offer to compromise. Again,

these distinctions are not sufficient. Both the 2006 and 2008

statements were made, as in *Nesbit*, "in reply to the creditor's

11

demand for payment" and contained "no denial of the correctness of the amount or the fact that it was due." *Nesbit,* 174 Va. at 149. Using the guidance provided by the Virginia Supreme Court in *Nesbit* and *Ford,* this Court finds the Defendant's written statements constitute an acknowledgement in writing from which a promise of payment may be implied and thus, under Virginia Code § 8.01-229, Plaintiffs may maintain an action for the money so promised and properly bring their breach of contract action before this Court. As the Defendant does not dispute either the existence of the Note, his failure to pay, or the harm to the Plaintiffs, as a matter of law, Defendant Ingoldsby is in breach of the agreement and can be held liable.

## IV.    Conclusion

For the reasons stated above, and viewing the facts in a light most favorable to the Defendant, the Plaintiffs' Motion for Judgment on the Pleadings is granted. An appropriate Order will issue.


                                        /s/
November 5, 2009                   James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE